# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TERRY D OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:19-03296-CV-RK |
| | ) |
| THE CENTRAL TRUST BANK INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On November 7, 2019, the Court entered an order provisionally dismissing Plaintiff's Complaint due to numerous deficiencies concerning the pleading requirements of the Federal Rules of Civil Procedure. (Doc. 102.) The Court's November 7, 2019 Order specified several instructions and admonishments, including: (1) Plaintiff could file an amended complaint to cure the deficiencies within thirty days; (2) failure to comply with the Order and plead in accordance with the pleading requirements may result in the Court dismissing the case with prejudice; (3) further filings by Plaintiff which appear to be a misuse of the judicial process will result in filing restrictions, monetary penalties and/or dismissal; and (4) the Court would dismiss the individual defendants for failure to prosecute unless Plaintiff served and filed proof of service as to these defendants within thirty days. (*Id.*)

Before the Court is Plaintiff's Amended Complaint. (Doc. 112.) Per the November 7, 2019 Order, the Court now reviews the Amended Complaint *sua sponte* to determine whether it reasonably complies with the pleading requirements of the Federal Rules of Civil Procedure. For the reasons below, the Court **DISMISSES** this case with prejudice because Plaintiff fails to comply with the Court's November 7, 2019 Order in several respects, fails to plead in accordance with the pleading requirements, and further fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   **Standard**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Rule 8 also provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Rule 12(b)(6)

of the Federal Rules of Civil Procedure allows for the dismissal of lawsuits that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

"[A] district court sua sponte may dismiss a complaint under Rule 12(b)(6)." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Dismissal by a court *sua sponte* is appropriate where a "plaintiff cannot possibly prevail and amendment would be futile." *Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015). The dismissal does not require prior notice under Rule 12(b)(6) "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (citation omitted). Under Eighth Circuit precedent, a two-prong test must be met before a *sua sponte* dismissal is appropriate. The first prong requires that the complaint "obviously" fail to state a claim. *See Smith*, 945 F.2d, at 1043. The second prong requires that the dismissal not precede service of process. *Id.*; *but see Porter v. Fox*, 99 F.3d 271, 273-74 (8th Cir. 1996) (citations omitted) (district court may dismiss a case *sua sponte* prior to service of process if the complaint is frivolous).

## II. Discussion

### A. Dismissal Following Service

Both prongs of the test for *sua sponte* dismissal are satisfied in this case. Here, dismissal of Plaintiff's Amended Complaint follows personal service of process on Defendants named in the Amended Complaint..[1]

---

[1] Service of process has not been affected on the individual defendants named in the original complaint even though the Court alerted Plaintiff to this deficiency in the Court's November, 7, 2019 Order. However, because the individual defendants are not named in the Amended Complaint, Plaintiff's failure to prosecute those defendants is addressed below in Section II.E.

### B. Failure to State a Claim and Failure to Comply with Pleading Requirements

The other prong of the test for *sua sponte* dismissal is satisfied because Plaintiff's Amended Complaint "obviously" fails to state a claim. It is patently obvious to this Court that Plaintiff could not prevail on his Amended Complaint given the absence of any factual allegations. Plaintiff's Amended Complaint is nine pages in length and names twenty-three entity defendants[2] (the "Defendants") in the Amended Complaint's caption, including financial institutions, an insurance company, and three credit reporting agencies. The Amended Complaint is organized into three sections: statement of jurisdiction, theory of the complaint, and conclusion and remedy sought. The second section is further divided into eight subparts titled: (1) who, (2) did what, (3) where did they do it, (4) when did they do it, (5) how did they do it, (6) what laws were violated, (7) who are the victims, and (8) what are the damages. Despite the Amended Complaint's brevity and simple organization, it is vague and wholly devoid of facts.

#### 1. RICO claim

As best as the Court can discern, Plaintiff alleges a claim against the defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff alleges his claims against the Defendants are for their part in "creat[ing] or subscrib[ing] to a fictitious entity" known as "Central Trust Bank." (Doc. 112 at 4, subpart "(2) Did what?") Plaintiff alleges Central Trust Bank "lacks capacity to enter contracts." (*Id.* at 5, subpart "(5) How did they do it?") According to the Amended Complaint, the Defendants "used sham legal process positing Central Trust Bank to take money from consumers for debts which were never owed to Central Trust Bank." (*Id.*) Plaintiff alleges this "scam" was "first done" "wherever the first consumer was hailed into court in answer to a fictitious creditor they never were in commerce with." (*Id.* at 4-5, subpart "(3) Where did they do it?) Plaintiff also alleges that when this "scam" began is unknown but was "whenever the first consumer was hailed into court in answer to a fictitious creditor they never were in commerce with." (*Id.* at 5, subpart "(4) When did they do it?)

To state a claim under the federal civil RICO statute, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crest Constr. II, Inc. v. Doe*,

---

[2] The Amended Complaint does not include certain defendants that were named in the original complaint. This includes three entity defendants—Central Bancompany Merger Corporation Inc., City Bank, and the Law Firm of Cook, Vetter, Doerhoff & Landwehr P.C—and all the individual defendants that were named in the original complaint. Those three defendants are therefore dismissed. The Court also notes that the Amended Complaint names Defendant Central Trust & Investment in its caption twice.

660 F.3d 346, 353 (8th Cir. 2011) (internal quotation marks and citation omitted). To prove the last two elements, a plaintiff must show the defendant committed at least two predicate acts of racketeering which are enumerated in the statute. 18 U.S.C. §§ 1961(1), (5). To the extent Plaintiff attempts to bring a RICO conspiracy claim, he must allege that (1) an enterprise existed, (2) the enterprise affected interstate or foreign commerce, (3) the defendant associated with the enterprise, (4) the defendant participated, directly or indirectly, in the conduct of the affairs of the enterprise, and (5) the defendant participated in the enterprise through a pattern of racketeering activity by committing at least two racketeering (predicate) acts. *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402 (8th Cir. 2017) (citation and footnote omitted). A plaintiff bringing a RICO conspiracy claim must allege with particularity "facts that the defendants reached an agreement." *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 582 (8th Cir. 2006) (internal quotation omitted).

Plaintiff's Complaint fails to properly allege any element of a claim under the RICO statute. Plaintiff's claim appears to stem from broad assertions about extensions of credit by Central Trust Bank that resulted in collection actions for consumer debt. But the Court is not bound to accept Plaintiff's description of his claims to the extent it uses mere labels and conclusions such as "scam" and "sham legal process." *Iqbal*, 556 U.S. at 678; *see also Meyer v. Pfeifle*, 2019 U.S. Dist. LEXIS 41526, at *11 (D.S.D. Mar. 14, 2019) (A complaint that "is awash in phrases such as 'ongoing scheme,' 'pattern of racketeering,' and 'participation in a fraudulent scheme,' without more, . . . [is] insufficient to form the basis of a RICO claim.") (citation omitted). Setting aside the labels and conclusions, Plaintiff pleads no facts to show the existence of an enterprise, the particular facts of Defendants' purported misconduct, or the Defendants' involvement in the enterprise. Plaintiff's failure to include facts pertinent to the Defendants also violates the Court's November 7, 2019 Order. (Doc. 102 at 4-5, Section I.C.) ("Should Plaintiff fail to include facts pertinent to any named defendant in an amended complaint, those defendants will be summarily dismissed.").

Plaintiff lists several of the federal criminal statutes enumerated in the RICO statute as predicate acts, however, he alleges no facts to support how the credit extension or collection action constitutes a predicate act. To the extent Plaintiff attempts to bring a conspiracy claim, Plaintiff also pleads no facts that the defendants reached an agreement. Moreover, Plaintiff's Complaint does not set forth even the elements of his claims. *See*

*Crest Constr. II, Inc. v. On Time Auto*, No. 07-0728-CV-W-DGK, 2010 U.S. Dist. LEXIS 88798, at *3-4 (W.D. Mo. Aug. 27, 2010) (Federal courts have long held civil RICO complaints to a somewhat higher standard of pleading and required a plaintiff to 'specifically identify, and factually plead, each element of a viable RICO claim.'") (citation omitted), *aff'd Crest Constr. II, Inc. v. Doe*, 660 F.3d 346 (8th Cir. 2011).

Additionally, Plaintiff also pleads no facts as to his injury. *See Johnson v. Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998) (a plaintiff must establish he or she has standing as a jurisdictional requirement, including that plaintiff has suffered an injury). Plaintiff simply states he is a "victim" of the purported "scam" in addition to non-party "Gary" and "likely tens of thousands of others, conceivably hundreds of thousands of others, possibly millions of others." (Doc. 112 at 6, subpart "(7) Who are the victims?); *see Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'") (citation omitted).

Consequently, Plaintiff's Amended Complaint fails to comply with Rule 8, fails to state a claim under the RICO statute pursuant to Rule 12(b)(6), and fails to comply with the Court's November 7, 2019 Order.

### 2. Non-RICO Claims

In addition to the RICO statute, Plaintiff provides mere references to numerous other statutes in the Amended Complaint including twelve federal criminal statutes, the Fair Credit Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA"), and the Missouri Merchandising Practices Act ("MMPA"). (Doc. 112 at 6, subpart "(6) What laws were violated?") Plaintiff does not provide the elements for a cause of action under any of the listed statutes. Plaintiff also alleges that "discovery . . . will likely show violations" of these laws. (*Id.*) The Amended Complaint therefore appears to be an improper fishing expedition given its mere reference to numerous laws, allegation that discovery will likely show the laws were violated, and the lack of allegations of the elements (let alone facts in support). Whereas, under both Rule 8 and Rule 11, "[i]t is the plaintiffs' burden . . . to reasonably investigate their claims, to research the relevant law, [and] to plead only viable claims[.]" *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

Specific to the twelve listed federal criminal statutes, Plaintiff has no private cause of action under these statutes despite that certain criminal statutes can support the predicate "racketeering

5

activities" for a RICO action. *See, e.g.*, *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (noting that a "private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action."). This is counter to Rule 11 which provides that: "By presenting to the court a pleading, . . . [a] party certifies that to the best of the person's knowledge, information, and believe, formed after an inquiry reasonable under the circumstances . . . the claims . . . are warranted by existing law[.]" Fed. R. Civ. P. 11(b). Additionally, in its November 7, 2019 Order, the Court specifically instructed Plaintiff to only plead viable claims under existing law. (Doc. 99 at 5, Section D.) Consequently, to the extent Plaintiff has attempted to assert claims under authorities other than the RICO statute, Plaintiff's Amended Complaint fails to comply with Rules 8 and 11, fails to state a claim pursuant to Rule 12(b)(6), and fails to comply with the Court's November 7, 2019 Order.

C. **Futility of Allowing a Second Amendment**

The Court's *sua sponte* dismissal of this case is also appropriate because allowing Plaintiff to file a second amended complaint would be futile. For one, Plaintiff has already been given the opportunity to amend after the Court identified specific deficiencies of his original complaint. Secondly, as discussed below in Section II.D, Plaintiff's continued improper attacks after being specifically admonished make it evident to this Court that Plaintiff's action is not filed in good faith.[3]

D. **Further Misuse of the Judicial Process**

The Court's *sua sponte* dismissal of this case is also appropriate because of Plaintiff's further misuse of the judicial process. In the Court's November 7, 2019 Order, the Court warned that further filings by Plaintiff that appear to be a misuse of the judicial process will result in filing restrictions, monetary penalties, and/or dismissal. Following that Order, Plaintiff filed a motion seeking to vacate the Court's November 7, 2019 Order (order denying non-party John Briola's motion for records) (Doc. 100), its November 7, 2019 Order (order of provisional dismissal) (Doc. 102) as well as its November 8, 2019 Order (order denying Plaintiff's motion for recusal) (Doc. 103) that is replete with scandalous remarks and conjecture. (Doc. 104.) In Plaintiff's

---

[3] The Court notes that Plaintiff has filed a motion for leave to file a "RICO case statement" in support of his Amended Complaint. (Doc. 124.) Plaintiff does not set forth a concise statement of the amendment sought or attach the proposed pleading, but states only that leave to amend is that it will "greatly aid the Court when lawyers for Defendants have failed to file an answer to Plaintiff's [Amended Complaint]." (*Id.* at 1); L.R. 15.1(a) (requirements of motions to amend). Therefore, Plaintiff has provided no compelling reason that would impact the Court's finding that allowing Plaintiff leave to amend a second time is futile.

6

motion to vacate, Plaintiff claims that the undersigned did not author these orders. (*Id.* at 1, 2.) Throughout his motion, Plaintiff refers to the orders as "alleged," "invalid," "bogus ghost order," and "bafoon [sic] make believe." Plaintiff goes further to surmise that Court Clerks and fellow U.S. District Court Judge Douglas Harpool used the undersigned's "stamp" to enter the order. (*Id.* at 2.) Plaintiff also maintains that the November 7, 2019 Order is invalid because it was not served on him. Specifically, Plaintiff states the order was placed on "Pacer," but was not mailed to him. (*Id.* at 3.) For example, Plaintiff writes:

> Someone at the Western District Court of Missouri 'Southern Division' did and is knowingly setting up both Plaintiffs with several bogus ghost Orders, not written by a law clerk, who would not want to ruin a beginning career, not written by Judge Ketchmark, the only person or persons with the means to Judge Ketchmarks [sic] stamp is the Court Clerks, and 'Judge Douglas Harpool', they have the methods, means, motivation, and required mindless malicious-ness to pull off this scheme of concealment via through bogus ghost Orders by instructing Court Clerks to look the other way and they did knowingly do so repeatedly in a pattern of refusing to provide notice and service, and in furtherance falsified, and still falsify the Courts [sic] record by placing the ghost Orders on 'Pacer' for appearance sake (only), and then repeatedly refuse to place the several bogus orders in an envelope, and, further refuse to place the several orders in the United States Post Office Drop Box, which is at every single Federal Court in the nation, when its [sic] pre-paid.
>
> . . .
>
> Moreover on the Courts [sic] docket shows only the electronic 'entry of the two bogus Orders' on pacer, prior to Plaintiff filing his 'motion in opposition' to Defendants [sic] 12(b)(6), but knowingly does not show that the clerk knowingly served by mail in the manner provided for in Rule 5(b) upon each party When [sic] service by mail was **refused** to be performed in accordance with Fed. R. Civ. P. 'Rule 77(c)(d)' and Fed. R. Civ. P. 'Rule 5(b),' (by means of the obvious someone other than Judge Roseanne [sic] Ketchmark under her so-called presiding position did not write these bafoon [sic] make believe orders), thus by malicious acts of repeated **concealment** are repeatedly subsequently violating 'due-process' of law.

(*Id.* at 2-3, 4-5) (emphasis in original).

To begin, Plaintiff's argument for vacating the Court's orders due to lack of service is off-base. Plaintiff has registered an email with the Court's CM/ECF system. Plaintiff does not indicate that he has not received notifications via his registered email. The Notice of Electronic Filing ("NEF") associated with the Court's November 7 and November 8 Orders indicates electronic notice was sent to Plaintiff's registered email, which constitutes as service under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. What remains is Plaintiff's baseless and severe

7

accusations of a judge and court staff, and attack on the legitimacy of the Court's orders. Such scandalous remarks and conjecture are improper and demonstrate further misuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts have implied power to impose respect and decorum to achieve the orderly and expeditious disposition of cases).

Consequently, Plaintiff's continued misuse of the judicial process after the Court's specific admonishment warrants dismissal of this case independent from the Court's review of the Amended Complaint. In addition, the Clerk will be directed to accept no additional filings in this case other than a Notice of Appeal.

### E. Failure to Prosecute the Individual Defendants

In the Court's November 7, 2019 Order, the Court warned that it would dismiss the individual defendants for failure to prosecute unless Plaintiff served and filed proof of service as to these defendants within thirty days. The record does not show that Plaintiff has affected service on the individual defendants named inn the original complaint. In addition, Plaintiff did not name any individual defendants in the Amended Complaint. Therefore, the individual defendants not named in the Amended Complaint are dismissed for failure to prosecute.

## III. Conclusion

Accordingly, the Court finds Plaintiff has failed to comply with the pleading requirements in Rules 8 and 11, failed to set forth plausible claims against Defendants pursuant to Rule 12(b)(6), and failed to comply with the Court's November 7, 2019 Order. This case is therefore **DISMISSED** with prejudice. All remaining motions are denied as **MOOT**. In addition, the Clerk is directed to accept no additional filings in this case other than a Notice of Appeal.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 30, 2020